# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**KAPRI D. DRAYTON,**

   **Plaintiff,**

  **v.**

**MONMOUTH COUNTY
CORRECTIONAL INSTITUTION
SHERIFF'S DEPARTMENT, et al.,**

   **Defendants.**

**Civil Action No. 19-22113 (FLW)**

**MEMORANDUM & ORDER**

  This matter has been opened to the Court by *pro se* Plaintiff Kapri D. Drayton's filing of a civil rights Complaint.  The Court previously granted Plaintiff's application to proceed *in forma pauperis* ("IFP application"). Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim that is frivolous or malicious, if that claim fails to state a claim upon which relief may be granted and/or to dismiss any defendant who is immune from suit.  *See* 28 U.S.C. 1915(e)(2)(B).

  This Court has screened the Complaint in this action for dismissal and has determined that the Complaint states claims under 42 U.S.C. § 1983 for excessive force against Officer Huddy, Officer Markus, and John Doe Corrections Officers 1-5 arising from the February 10, 2018 assault on Plaintiff while he was incarcerated at Monmouth County Correctional Institution.[1]  Accordingly, dismissal of the § 1983 claims against these Defendants is not

---

[1] Plaintiff has checked the box indicating that his claims arise solely under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); since Plaintiff was allegedly assaulted by corrections officers at Monmouth County Correctional Facility and not by federal officers, the Court liberally construes him to raise claims under 42 U.S.C. § 1983 against

warranted and these claims shall proceed. The Court will instruct the Clerk's Office to add John Doe Corrections Officers 1-5 to the docket.

The Court also finds that the Plaintiff has stated §1983 claims for excessive force and sexual assault against John Doe Corrections Officer Defendants 6-12, arising from a separate assault against Plaintiff that occurred on Monday February 19, 2018, in Cell 103 in J-Pod at Monmouth County Correctional Institution.  Accordingly, dismissal of the § 1983 claims against John Doe Defendant Corrections Officers 6-12 is not warranted and these claims shall proceed. The Court will direct the Clerk's Office to add John Doe Corrections Officers 6-12 to the docket.

The Court will dismiss with prejudice Monmouth County Correctional Institution Sheriff's Department as this entity is not a "person" under § 1983. A New Jersey police department is not an independent entity with the capacity to sue and be sued, but only "an executive and enforcement function of municipal government." N.J.S.A. 40A:14–118. The case law under Section 1983 uniformly holds that the proper defendant is the municipality itself, not the police department. *See Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 114 (3d Cir.2014) ("We further agree with the District Court that the police department was not a proper party to this action. Although local governmental units may constitute 'persons' against whom suit may be lodged under 42 U.S.C. § 1983, a city police department is a governmental sub-unit that is not distinct from the municipality of which it is a part.") (citation omitted). *See also Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n. 4 (3d Cir. 1997) (Court "treat[s] the municipality and its police department as a single entity for purposes of section 1983 liability"); *see also Michaels v. State of New Jersey*, 955 F. Supp. 315, 329 n. 1 (D.N.J. 1996); *Grabow v.*

---

the corrections officers. The Court addresses his claim against the U.S. Marshal's Service separately.

*Southern State Correctional Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989). Here, the

allegations in the complaint do not reach the municipality because the alleged injury appears to

have been inflicted solely by its employees and not through a practice, policy, or custom of the

County.[2] *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978).

Finally, in the relief section of his Complaint, Plaintiff asserts that he would like to sue

the United States Marshall [sic] Service for placing [him] in an unsafe environment[.]"  A *Bivens*

cause of action was created in part because government agencies are immune from suit under the

doctrine of sovereign immunity. *FDIC v. Meyer*, 510 U.S. 471, 485 (1994). To the extent

Plaintiff attempts to assert a *Bivens* claim against the U.S. Marshal's Service, his attempt fails,

*see id.* at 485-86 (1994) (holding that sovereign immunity bars a *Bivens* action against the federal

government or its agencies), and that claim is dismissed with prejudice for lack of subject matter

jurisdiction.[3]

**IT IS,** therefore, on this  14th  day of  January 2020,

**ORDERED** that Pursuant to the Court's screening authority under 28 U.S.C.

1915(e)(2)(B), the Complaint is proceeded in part and dismissed in part as follows:

1. The §1983 excessive force claims against Officer Huddy, Officer Markus, and John Doe

   Corrections Officers 1-5 arising from the February 10, 2018 assault on Plaintiff while he

---

[2] To the extent Plaintiff can provide facts showing that his constitutional rights were violated by a practice, policy, or custom of Monmouth County, he must do so by way of an Amended Complaint that complies with Fed. R. Civ. P. 15.

[3] U.S. Marshals may individually be subject to liability under *Bivens* (holding that a plaintiff can sue federal officers individually for damages caused by constitutional torts committed under color of their authority), but Plaintiff has not pleaded any facts suggesting that any U.S. Marshals caused any violations of his civil rights.

was incarcerated at Monmouth County Correctional Facility shall proceed; the Clerk of the Court shall add John Doe Corrections Officers 1-5 to the docket;

2. The § 1983 excessive force and sexual assault claims against John Doe Corrections Officers 6-12 arising from the February 19, 2018, assault on Plaintiff in Cell 103 in J-Pod at Monmouth County Correctional Facility shall proceed; the Clerk of the Court shall add John Doe Corrections Officers 6-12 to the docket;

3. The Monmouth County Correctional Institution Sheriff's Department is dismissed **WITH PREJUDICE** because it is not a "person" under § 1983; and it is further

4. The United States Marshals Service is dismissed **WITH PREJUDICE** for lack of subject matter jurisdiction; and it is further

**ORDERED** that, the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing Unites States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that, once the Marshal receives the USM-285 Form(s) from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint and this Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States;[4] and it is further

**ORDERED** that Defendant(s) shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

---

[4] Alternatively, the U.S. Marshal may notify Defendant(s) that an action has been commenced and request that the defendant(s) waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendant(s), Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service;[5] and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Memorandum and Order via regular mail.

  s/Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge

---

[5] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.

5