UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KAPRI D. DRAYTON,** | Civil Action No. 19-22113 (FLW) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION & ORDER** |
| **MONMOUTH COUNTY CORRECTIONAL INSTITUTION SHERIFF'S DEPARTMENT, et al.,** | |
| Defendants. | |

  This matter has been opened to the Court by Defendants Officer Huddy and Officer Markus's ("Defendants") motion to dismiss *pro se* Plaintiff Kapri D. Drayton's civil rights Complaint for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6) and for failing to effect timely service under Fed. R. Civ. P. 4(m). For the reasons explained herein, the Court denies the motion to dismiss. Because Plaintiff has not responded to the motion to dismiss, and it is unclear whether he intends to pursue this civil action, the Court will require Plaintiff to respond to this Memorandum and Order in writing within 45 days to notify the Court as to whether he is still pursuing this matter.

  Petitioner was arrested on federal charges on or about February 9, 2018. *See* U.S. v. Drayton, Crim Act. No. 18-529 (BRM) at Dkt. No. 6. Plaintiff alleges that on February 10, 2018, while housed at Monmouth County Correctional Facility, he was pulled out of his cell during a cell search and complied with a pat down by Officer Huddy. Complaint at 5. After the pat down, Officer Huddy then directed Plaintiff to put his hands back on the wall, and Plaintiff asked him "for what?" *Id.* There are no allegations about the tone of Plaintiff's voice or any

1

suggestion that Plaintiff was physically aggressive or presented any immediate threat to Officer Huddy.  In response to Plaintiff's question, Officer Huddy forced his elbow into [Plaintiff's] back and slammed [Plaintiff] onto [his] stomach where he hit [his] head on the wall." Complaint at 4, 6.  According to the Complaint, Plaintiff was taken to the SHU, where Officer Markus took off Plaintiff's handcuffs and struck him several times.  *See* Complaint at 4, 6.  Then, with the assistance of five other unidentified John Does, Officer Markus slammed Plaintiff onto the bed.[1] *Id.* at 6.

The Court takes judicial notice of the date of Petitioner's federal judgment of conviction "JOC"), which is February 25, 2019.[2]  *See* U.S. v. Drayton, Crim Act. No. 18-529 (BRM) at Dkt. No. 22.

Plaintiff submitted his Complaint for filing on December 3, 2019.  ECF No. 1.  On January 14, 2020, the Court granted Plaintiff's application to proceed *in forma pauperis* ("IFP application"), screened the Complaint for dismissal pursuant to its screening authority, applying the standard under Fed. R. Civ. P. 12(b)(6), and determined that the Complaint stated claims under 42 U.S.C. § 1983 for excessive force against Officer Huddy and Officer Markus arising from their alleged use of force against Plaintiff on February 10, 2018.[3]

---

[1] The Court also determined that Plaintiff stated claims for excessive force against John Doe Corrections Officers 1-5 arising from the assault on February 10, 2018.

[2] Plaintiff pleaded guilty to a two count information charging him with obstruction of commerce by robbery in violation of 18 U.S.C. § 1951, and the use of a firearm in connection with that robbery in violation of 18 U.S.C. § 925(c)(1)(A)(i).

[3] Plaintiff's Complaint includes allegations about a separate incident on February 19, 2018, in Cell 103 in J-Pod at Monmouth County Correctional Institution, in which he was physically and sexually assaulted by John Does 6-12.  Plaintiff did not see the faces of the John Does who assaulted him, and he does not identify Defendants Huddy or Markus as assailants in the second attack.  In proceeding the claims against Defendants Huddy and Markus for their participation in the first assault, the Court did not assume that Defendants Huddy and Markus participated in the second assault.  The Court proceeded §1983 claims for excessive force and sexual assault against

On the same date, the Clerk of Court transmitted the 285 forms to Plaintiff with a letter explaining the process for serving Defendants. *See* ECF No. 4. On February 7, 2020, the USM forms were returned by Plaintiff, and the Clerk's Office issued summons to Defendants Huddy and Markus. *See* ECF Nos. 5-6. Summons was returned executed as to Defendant Huddy on July 15, 2021, and summons was returned executed by Defendant Markus on July 16, 2021. *See* ECF Nos. 8-9. This motion to dismiss followed on August 13, 2021. *See* ECF No. 10.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a claim "for failure to state a claim upon which relief can be granted." Fed. R .Civ. P. 12(b)(6). On a motion to dismiss for failure to state a claim, the moving party "bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)); *United Van Lines, LLC v. Lohr Printing, Inc.*, No. CIV. 11–4761, 2012 WL 1072248, at *2 (D.N.J. Mar. 29, 2012).

In resolving a motion to dismiss for failure to state a claim, under Rule 12(b)(6), "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)); *see also Zimmerman v. Corbett*, 873 F.3d 414, 417–18 (3d Cir. 2017), *cert. denied* 138 S. Ct. 2623 (2018); *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010).

---

John Doe Corrections Officer Defendants 6-12, arising from the second assault. The Court also dismissed <u>with prejudice</u> Monmouth County Correctional Institution Sheriff's Department as that entity is not a "person" under § 1983. The Court also dismissed the potential claim against the U.S. Marshals Service for lack of subject matter jurisdiction.

As a pro se litigant, Plaintiff is entitled to liberal construction of his complaint. *See Liggon–Redding v. Estate of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011). To survive dismissal under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard requires the plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully," but does not create what amounts to a "probability requirement." *Iqbal*, 556 U.S. at 678.

Defendants now move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), asserting that Plaintiff fails to state a claim for excessive force under the Eighth Amendment. Under the Eighth Amendment, which applies to convicted prisoners, a plaintiff must prove that the use of force was not "applied in a good-faith effort to maintain or restore discipline" but, rather, was applied "maliciously and sadistically to cause harm." *See Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). In contrast, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015).

As noted above, the Court takes judicial notice of the date of Petitioner's federal judgment of conviction, which is February 25, 2019. *See* U.S. v. Drayton, Crim Act. No. 18-529 (BRM) at Dkt. No. 22. Because the assault involving Defendants occurred on February 10, 2018, it appears that Plaintiff was a pretrial detainee, and, thus, the Eighth Amendment standard on which Defendants rely is inapplicable.

4

"[A] pretrial detainee claiming a substantive due process violation based on excessive force 'must show ... only that the officers' use of that force was objectively unreasonable' and not 'that the officers were subjectively aware that their use of force was unreasonable.'" *Kedra v. Schroeter*, 876 F.3d 424, 438 (3d Cir. 2017) (quoting *Kingsley*, *supra*). The facts alleged by Plaintiff against each Defendant meet the lower standard of objectionably unreasonable force, and the Court declines to revisit its screening Memorandum and Order, which proceeded the excessive force claims against Defendants. For these reasons, the motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) is denied without prejudice.

Defendants next assert that the Court must dismiss the Complaint without prejudice based on the plain language of Fed. R. Civ. P. 4(m), which reads as follows:

> Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Defendants cite to no federal decisions interpreting Rule 4(m) in the prisoner-context that mandate the dismissal of the Complaint for late service.

Rule 4(m) provides that a District Court must dismiss a complaint after notice to the plaintiff if service of the complaint is not made upon a defendant within 90 days after the filing. *See* Fed. R. Civ. P. 4(m). A District Court must extend the time for service where a plaintiff demonstrates good cause for the failure to timely serve a defendant. *See McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998). "If ... good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). Thus, the

inception of this litigation, and it is not clear whether he is still actively pursuing this matter. In light of these concerns, the Court will require Plaintiff to respond <u>in writing</u> to this Memorandum and Order within 45 days and notify the Court as to whether he is still pursuing this litigation.[4]

**IT IS,** therefore, on this <u>4th</u> day of March 2022,

**ORDERED** that the motion to dismiss is DENIED for the reasons stated in this Memorandum and Order; and it is further

**ORDERED** that within 45 days of this receipt of this Memorandum and Order, Plaintiff shall notify the Court <u>in writing</u> as to whether he is still pursuing this litigation; and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Memorandum Opinion and Order via regular mail at the address on file.

*s/Freda L. Wolfson*
Freda L. Wolfson
U.S. Chief District Judge

---

[4] Plaintiff is notified that if he fails to respond and/or fails to participate in this matter, the Court may permit Defendants to move for dismissal of this action under Federal Rule of Civil Procedure 41(b) for lack of prosecution.