**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAPRI D. DRAYTON, | : |
| Plaintiff, | : Civ. No. 19-22113 (GC) (JBD) |
| v. | : |
| MONMOUTH COUNTY CORRECTIONAL INSTIUTION SHERIFFS DEPARTMENT, et al., | : **MEMORANDUM & ORDER** |
| Defendants. | : |

**CASTNER, District Judge**

Plaintiff, Kapri D. Drayton ("Plaintiff" or "Drayton"), is proceeding *pro se* and *in forma pauperis* with this civil action. Plaintiff seeks relief against Defendants Huddy and Markus for their purported use of excessive force against him. Presently pending before this Court is Defendants' Huddy's and Markus' Motion for Summary Judgment. (*See* ECF 37). Plaintiff did not file a response to Defendants' Motion. However, on March 20, 2023, after it was determined that Plaintiff had been transferred to a different facility, this Court ordered Plaintiff's address of record to be updated. (*See* ECF 39). This Court also gave Plaintiff additional time in which to file a response to Defendants' Motion for Summary Judgment out of the abundance of caution. (*See id.*).

Subsequently, Plaintiff filed a letter request seeking the appointment of counsel (as well as seeking summary judgment in his favor). (*See* ECF 41). Indigent persons raising civil rights claims have no absolute right to counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). To appoint pro bono counsel, there must be some merit in fact or law to the claims the

plaintiff is attempting to assert. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). Furthermore, in determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See id.* at 155–56, 157 n.5; *see also Cuevas v. United States*, 422 F. App'x 142, 144–45 (3d Cir. 2011) (reiterating the *Tabron* factors). Additionally, the power to grant appointment of counsel lies solely with the discretion of this Court. *See Tabron*, 6 F.3d at 155.

Plaintiff previously sought the appointment of pro bono counsel in this case. (*See* ECF 15). Subsequently, Magistrate Judge Goodman analyzed the relevant factors cited above and found Plaintiff was not entitled to the appointment of pro bono counsel. (*See* ECF 30). More specifically, Magistrate Judge Goodman found that the first four factors weighed against appointing pro bono counsel whereas the last two factors weighted in favor of appointing pro bono counsel. (*See id.*). Accordingly, after analyzing these factors, she determined that the appointment of counsel was not warranted.

For similar reasons discussed in Magistrate Judge Goodman's October, 25, 2022 Order, this Court also finds the appointment of pro bono counsel is not warranted to Plaintiff. However, this Court will provide Plaintiff with additional time in which to file a response to Defendants' Motion for Summary Judgment out of the abundance of caution. Given this additional time that is being awarded to Plaintiff, the Clerk will be ordered to administratively terminate Defendants' Motion for Summary Judgment subject to reinstatement by this Court by Order upon Defendants'

Motion being fully briefed or, if Plaintiff elects not to file a response to Defendants' Motion within the time allotted, when the time for Plaintiff to have filed his response has expired.

Therefore, IT IS on this  18th  day of July, 2023,

ORDERED that to the extent Plaintiff requests the appointment of pro bono counsel (ECF 41), it is denied without prejudice; and it is further

ORDERED that Plaintiff may file his response to Defendants' pending Motion for Summary Judgment within thirty (30) days of the date of this Memorandum and Order; and it is further

ORDERED that Defendants may file a reply in support of their Motion for Summary Judgment within fourteen (14) days of the date Plaintiff files his response to their Motion for Summary Judgment should they elect to do so; and it is further

ORDERED that in light of the additional time that has been awarded Plaintiff to file a response to Defendants' Motion for Summary Judgment, and for docket management purposes only, the Clerk shall administratively terminate Defendants' Motion for Summary Judgment (ECF 37), subject to reinstatement by this Court by Court Order upon either: (1) the matter being fully briefed by the parties; or, (2) if Plaintiff elects not to file a response to Defendants' Motion in the time allotted, when the time for Plaintiff to have filed a response to Defendants' Motion has expired; and it is further

ORDERED that the Clerk shall serve this Memorandum and Order on Plaintiff by regular U.S. mail.

/s/ Georgette Castner
GEORGETTE CASTNER
United States District Judge