**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| KAPRI D. DRAYTON, | : | |
| Plaintiff, | : | Civ. No. 19-22113 (GC) (JBD) |
| v. | : | |
| MONMOUTH COUNTY CORRECTIONAL INSTITUTION SHERIFFS DEPARTMENT, et al., | : | **OPINION** |
| Defendants. | : | |

**CASTNER, District Judge**

## I. INTRODUCTION

Plaintiff, Kapri D. Drayton ("Plaintiff" or "Drayton"), is proceeding *pro se* with a civil complaint. (*See* ECF 1). Presently pending before this Court is Defendants Officer Huddy's and Officer Markus' Motion for Summary Judgment. (*See* ECF 37). Defendants' Motion for Summary Judgment was initially administratively terminated in part to give Plaintiff additional time to respond to Defendants' motion. (*See* ECF 42). Given that Plaintiff has now responded, the Clerk will be ordered to reinstate Defendants' Motion for Summary Judgment so that it can be analyzed and decided by the Court. For the following reasons, Defendants' Motion for Summary Judgment is **DENIED**.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges in his complaint that he is a convicted federal prisoner. (*See* ECF 1 at 2). Defendants Huddy and Markus, who are correctional officers with the Monmouth County Sheriff's Department, purportedly assaulted him while in their custody. Officer Huddy purportedly jammed

his elbow into Plaintiff's back and slammed him, which caused Plaintiff to hit his head on a wall. (*See* ECF 1 at 4, 5-6). Shortly after this incident, Officer Markus purportedly struck Plaintiff several times. (*See id.*).

This Court permitted Plaintiff's excessive force claims to proceed past screening based on these allegations. *See Drayton v. Monmouth Cty. Corr. Institution Sheriff's Dep't*, No. 19-22113, 2020 WL 207711 (D.N.J. Jan. 14, 2020). After discovery, Defendants filed the pending Motion for Summary Judgment. (*See* ECF 37). Defendants assert that there are no material issues of fact outstanding with respect to Plaintiff's excessive force claims against them. (*See id.*). In support of their Motion, Defendants rely on Plaintiff's responses to certain interrogatories. Defendants expressly rely on Plaintiff's responses recited in part below to the following two interrogatories to support their Motion:

> 2. Describe in detail your version of the occurrence, setting forth the date, location and time.
> On February 9, 2018 I was assaulted on A-1 by Officer Huddy after taking my hands from the wall and other staff interv[e]ne and helped before taking me to J-Pod. I don't remember the exact time.
>
> 3. Set forth a detailed description of the nature and extent of all claimed injuries.
> I was physically assaulted by Officer Huddy. He put his elbow/arm in my back and slammed me to the ground [ ] where I injured my back, neck and head when they took me to J-Pod I was uncuffed and a different officer took me out of cuffs and struck me in the face before slamming me on the . . .

(ECF 37-7 at 2). Neither the docket nor Defendants' Motion indicate that Defendants ever deposed Plaintiff.

    **III.**    **LEGAL STANDARD**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a).  A fact is material if it "might affect the outcome of the suit under the governing law" and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Disputes over irrelevant or unnecessary facts will not preclude the Court from granting a motion for summary judgment.  *See id.*

A party moving for summary judgment has the initial burden of showing the basis for its motion and must demonstrate that there is an absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "A party asserting that a fact [is not] genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents . . ., affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  Fed. R. Civ. P. 56(c)(1)(A).  After the moving party adequately supports its motion, the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."  *Celotex*, 477 U.S. at 324 (internal quotation marks omitted).  To withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict the moving party.  *See Anderson*, 477 U.S. at 250.  "[I]f the non-movant's evidence is merely 'colorable' or is 'not significantly probative,' the court may grant summary judgment."  *Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F. Supp. 2d 523, 528 (D.N.J. 2000) (quoting *Anderson*, 477 U.S. at 249-50).  "If reasonable minds could differ as to the import of the evidence," however, summary judgment is not appropriate.  *See Anderson*, 477 U.S. at 250-51.  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving

party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor." *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

## IV.   DISCUSSION

Plaintiff sues both Defendants Huddy and Markus for their purported use of excessive force against him.

> The Eighth Amendment protects inmates from the "wanton and unnecessary infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 320, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986).  When examining Eighth Amendment excessive force cases, courts generally afford prison officials "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Id.* at 321-22, 106 S. Ct. 1078 (quoting *Bell v. Wolfish*, 441 U.S. 520, 547, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979)). . . .
>
> "In an excessive force claim, the central question is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (quoting *Whitley*, 475 U.S. at 327, 106 S. Ct. 1078).  In weighing these issues, we look to the need for the application of force, the relationship between the need and the amount of force used, the extent of the injury inflicted, the extent of the threat to the safety of prison staff and inmates—as reasonably perceived by prison officials on the facts known to them, and any efforts made to temper the severity of a forceful response.  *Brooks*, 204 F.3d at 106.

*Conklin v. Hale*, 680 F. App'x 120, 122 (3d Cir. 2017).

Relying on Plaintiff's responses to interrogatories, Defendants assert that Plaintiff has failed to allege an excessive force claim against either Defendant.  For example, Defendant Markus argues that he is not even mentioned in Plaintiff's responses to interrogatories.  (*See* ECF 37-3 at 6).  Plaintiff states that Defendants' interrogatories were not detailed enough for Plaintiff to understand such that their Motion should be denied.  (*See* ECF 43 at 1).

Plaintiff signed his Complaint under penalty of perjury. (*See* ECF 1 at 7). As such, it is a verified Complaint. *See generally El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (noting that a "verified complaint" is one that is signed under the penalty of perjury pursuant to 28 U.S.C. § 1746). Courts have noted that verified complaints can be considered as affidavits in analyzing motions for summary judgment. *See Porter v. Pa. Dep't of Corr.*, 974 F.3d 431, 443 (3d Cir. 2020); *see also Jackson v. Armel*, 2020 WL 2104748, at *5 (W.D. Pa. May 1, 2020) (citing *Reese v. Sparks*, 760 F.2d 64, 67 (3d Cir. 1985)) (treating verified complaint as an affidavit on summary judgment motion); *see also Brooks*, 204 F.3d at 108 n.7 (noting that an affidavit is "about the best that can be expected from a [pro se prisoner] at the summary judgment phase of the proceedings"); *Boomer v. Lewis*, No. 06-850, 2009 WL 2900778, at *2 n.4 (M.D. Pa. Sept. 9, 2009) ("A verified complaint may be treated as an affidavit in support of or in opposition to a motion for summary judgment if the allegations are specific and based on personal knowledge.").

Plaintiff expressly names both Defendants Huddy and Markus as perpetrators of the separate assaults against him. Defendant Huddy purportedly slammed Plaintiff in his stomach causing Plaintiff to hit his head on the wall. (*See* ECF 1 at 6). Defendant Markus slammed him onto his bed while sitting on him. (*See id.*). Defendants admit on the record that there is no video evidence of these incidents. (*See* ECF 33).

Based on these allegations in Plaintiff's Complaint against these two Defendants, which this Court construes as Plaintiff's affidavit in opposition to Defendants' Motion for Summary Judgment in this instance, this Court finds that there remain material issues of fact outstanding regarding whether these Defendants actions rise to the level of the unconstitutional use of excessive force. This Court is mindful that Plaintiff's response to Defendants' Motion for Summary Judgment is minimal at best as it is only one page. (*See* ECF 43 at 1). However, upon

review of the statements from Plaintiff implicating these two Defendants in his verified Complaint, such assertions, sworn to under penalty of perjury, are enough in this particular case and under these particular circumstances to show that there are material issues of fact regarding the personal involvement of both Defendants on the excessive force claims.  *See, e.g.*, *Brown v. Dow*, No. 08-4330, 2011 WL 5080179, at *3 (D.N.J. Oct. 25, 2011) (citing *Alexander v. Perez*, 124 F. App'x 525, 526 (9th Cir. 2005)) (noting amended complaint presented factual evidence in the form of Plaintiff's own account that defendant broke his arm after the plaintiff had been secured such that even though the defendants deny Plaintiff's account, that evidence is enough for the plaintiff to survive summary judgment).  As Plaintiff is the person who was purportedly assaulted by these two officers, it is based on his personal knowledge, which is sufficient to create a material issue of fact at summary judgment based on this record.

Defendants also allude to a purported lack of injury shown by Plaintiff in the record.  However, this Court notes that even with a lack of injury, Plaintiff may still be entitled to nominal damages for a violation of his constitutional rights.  *See Pryer v. C.O. 3 Slavic*, 251 F.3d 448, 453 (3d Cir. 2001).  The issue of what potential damages Plaintiff may or may not be entitled to is best left to a jury to decide, not on summary judgment.

Accordingly, Defendants Huddy's and Markus' Motion for Summary Judgment will be denied.

V.     **CONCLUSION**

For the foregoing reasons, Defendants' Motion for Summary Judgment is **DENIED**.  An appropriate Order will be entered.

DATED: October 13, 2023                                 */s/ Georgette Castner*
                                                       GEORGETTE CASTNER
                                                       United States District Judge