## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **KAPRI D. DRAYTON,** | : | |
| | : | Civil Action No. 19-22113 (GC)(JTQ) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM ORDER** |
| | : | |
| **MONMOUTH COUNTY** | : | |
| **CORRECTIONAL INSTITUTION** | : | |
| **SHERIFFS DEPARTMENT, et al.,** | : | |
| | : | |
| Defendants. | : | |

This matter comes before the Court on *pro se* Plaintiff Kapri Drayton's motion for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915. ECF No. 54. The Court has fully reviewed Plaintiff's submission and considers the same without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons below, the Court grants Plaintiff's motion.

Plaintiff, a federal inmate currently incarcerated in West Virginia, brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging that he was assaulted by two correctional officers from the Monmouth County Sheriff's Department. The Complaint was filed on December 30, 2019. Fact discovery closed on January 13, 2023. ECF No. 31. Thereafter, Defendants timely filed a motion for summary judgment. ECF No. 37. The District Judge denied Defendants' motion, finding that

there are disputed issues of material fact as to whether Defendants' actions rise to the level of excessive force in violation of the 8th Amendment. ECF No. 44, 45. The present motion followed.

It is well settled that litigants in a civil case "possess neither a constitutional nor a statutory right to appointed counsel." *James v. Varano*, No. 20-1246, 2023 WL 195162, at *5 (3d Cir. Jan. 17, 2023). Nevertheless, Section 1915(e) confers "broad discretion" on a court "to request an attorney to represent an indigent civil litigant." *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). In exercising that discretion, the Court first "must consider as a threshold matter the merits of the plaintiff's claim." *Id.* at 155. Upon finding that "the plaintiff's claim has some arguable merit in fact and law, the court should then consider a number of additional factors that bear on the need for appointed counsel." *Id.* These additional factors include: (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues presented; (3) the degree to which factual investigation is required and the ability of the applicant to pursue such investigation; (4) whether credibility determinations will play a significant role in the resolution of the applicant's claims; (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can afford counsel on his or her own behalf. *Id.* at 155-157. Courts are to "exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

The Court has considered these factors and finds that the appointment of counsel is warranted. Discovery is complete, dispositive motion practice has concluded, and the District Judge has determined that Plaintiff's claims have sufficient merit to be heard by a jury. And while Plaintiff has demonstrated his ability to prosecute his claims to this point, the case will become more procedurally and legally complex at trial and in the lead up to trial. To that end, the Court believes Plaintiff will benefit from the assistance of counsel during this advanced stage of the litigation. Trial also will proceed more efficiently and effectively for both the parties and the Court with Plaintiff being represented by counsel, which likewise augers in favor of granting the motion. Finally, Plaintiff has demonstrated that he lacks the financial resources to retain counsel on his own. Accordingly,

**IT IS** on this 20th day of September 2024

**ORDERED** that Plaintiff's motion for the appointment of *pro bono* counsel (ECF No. 54) is **GRANTED**; and it is further

**ORDERED** that counsel will be appointed for the limited purposes of trial and, if applicable, settlement; and it is further

**ORDERED** that that the Clerk of the Court is directed to select an attorney for appointment from the Civil Pro Bono Panel and notify the Court when counsel has accepted the appointment; and it is further

**ORDERED** that upon the filing of a notice of appearance by *pro bono* counsel, the Court will schedule the Final Pretrial Conference; and it is further

**ORDERED** that Plaintiff is cautioned that although the Court has granted Plaintiff's motion, there is no guarantee that an attorney will be willing to accept Plaintiff's case.

_s/ Justin T. Quinn_____
JUSTIN T. QUINN
United States Magistrate Judge
